IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA DWAYNE PLANTE**,

    **Movant,**

v.                             Case No. 3:12-cv-01186
                                 (Criminal Case No: 3:11-cr-00059-01)

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is a Motion to File for Ineffective Assistance of Counsel Pursuant to Motion (28 U.S.C. § 2255) (ECF No. 56) and a Motion for Appointment of Counsel (ECF No. 57). Given that the Motion to File for Ineffective Assistance of Counsel was submitted to the Court less than two months after Movant's initial motion to vacate under 28 U.S.C. § 2255 and prior to intensive judicial review, the Court shall construe ECF No. 56 as a motion for leave to amend the § 2255 Motion, rather than as a second or successive motion. Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading after the opposing party has replied only with the written consent of the opposing party or with leave of court. Leave to amend should be freely given in the absence of bad faith, undue prejudice to the adverse party, or futility of the amendment. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980). In this case, the limitations period for the filing of a § 2255 motion has not expired, and the United States will not be unduly prejudiced by allowing this amendment. According, the Court **GRANTS** Movant leave

to amend his § 2255 motion with the claims of ineffective assistance of counsel contained in ECF No. 56. The United States is hereby **ORDERED** to file a supplemental response to the § 2255 motion, specifically addressing the additional claims raised in ECF No. 56, within thirty (30) days of the entry of this Order. The United States shall include with its supplemental response all records that would facilitate determination of the issues raised in the amended motion. Movant may, if he wishes, file a reply to the United States' response within thirty (30) days after service of the response by the United States. Movant shall, if he files any further documents in this case, mail copies of such documents to the United States Attorney, Post Office Box 1239, Huntington, West Virginia 25714-5545, with a certificate of service attached. **Movant is also responsible for notifying the Clerk of Court of any change in address or other contact information.**

In regard to Movant's request for the appointment of counsel (ECF No. 57), the Court **DENIES** same, without prejudice. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes district courts to appoint counsel to represent financially eligible individuals in civil actions brought pursuant to 28 U.S.C. § 2255, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Nonetheless, Movant has no constitutional right to counsel in this case. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated

on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)); *Hoggard v. Purkett,* 29 F.3d 469 (8th Cir. 1994).

From a review of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed herein, as amended, the Court finds that the case is not complex; that Movant has the capability to adequately present his claims; and the need for an evidentiary hearing is not readily apparent at this time. If the complexion of the case changes or the need for an evidentiary hearing becomes clear, the Court will re-visit the issue of appointment of counsel at that time.

It is so **ORDERED.**

The Clerk is instructed to provide a copy of this Order to Movant and counsel of record.

**ENTERED:** August 8, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge